Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005595
29-JAN-2015
07:46 AM

CAAP-13-0005595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JONATHAN HENLEY, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 13-1-0635)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Jonathan Henley (Henley) with third-degree assault. After a jury trial, Henley was found guilty as charged. The Circuit Court of the First Circuit (Circuit Court)[1] sentenced Henley to thirty days of imprisonment, increased his bail pending appeal from the $200 cash bail posted to $2,000 (cash only), and stayed the sentence pending appeal.

On appeal, Henley argues that: (1) there was insufficient evidence to support his conviction; (2) the Circuit Court abused its discretion in raising his bail pending appeal; and (3) the Circuit Court abused its discretion in sentencing him to jail for a first offense. We affirm.

---

[1] The Honorable Patrick W. Border presided.

I.

Gary Massey (Massey), the complaining witness, was sixty-eight years old and employed as a security guard at the Colony Surf hotel and condominium (Colony Surf). Henley was nineteen years old at the time of the charged offense.

Sometime after 10:30 p.m. on November 9, 2012, Massey and police officers responded to noise complaints regarding an apartment at the Colony Surf. There were 20 to 25 people in the apartment. The police and Massey asked those present to leave and cleared the apartment, until only the renter and two others remained. At about 12:30 a.m., Massey and the police returned to the apartment because the people who had been cleared out had returned and were again making noise.

Massey escorted Henley and Kalanikapu Copp (Copp) out of the building. According to Massey, Henley directed a "barrage of insults" at Massey and called Massey a "fucking faggot haole." When they reached the bottom of the stairwell, Massey put his hand on the door to hold it open. Henley then head-butted Massey above the right eye. Massey felt a great deal of pain. Massey fell backward and Henley threw a couple of punches at Massey. While Henley stood over Massey, Massey grabbed one of Henley's testicles, causing Henley to scream and jump off Massey. During the ensuing struggle, Massey was also punched or kicked in the head.

Henley's and Copp's version of the incident differed from Massey's version. According to Henley and Copp, Massey was the aggressor and initiated contact by grabbing Henley's arm. In response, Henley shoved Massey, and a struggle ensued during which Massey grabbed Henley by the testicles. Copp then intervened by punching Massey so that Massey would let go of Henley.

II.

We resolve Henley's arguments on appeal as follows.

A.

There was sufficient evidence to support Henley's conviction. Massey testified that Henley, without provocation, head-butted Massey, causing Massey to feel a great deal of pain. Henley's insufficiency argument is based on his and Copp's version of the incident. However, credibility determinations are for the trier of fact, and the jury apparently accepted Massey's testimony in finding Henley guilty. When viewed in the light most favorable to the State, there was sufficient evidence to support the jury's verdict. See State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998).

B.

Henley's contention that the Circuit Court abused its discretion in raising his bail pending appeal from $200 to $2,000 cash only is without merit. Henley argues that Hawaii Revised Statutes (HRS) § 804-4 (2014) does not provide a court with "any discretion to increase bail" pending appeal of a misdemeanor conviction. In making this argument, Henley plainly misreads HRS § 804-4.

HRS § 804-4 provides in relevant part: "The right to bail shall continue after conviction of a misdemeanor, petty misdemeanor, or violation, and release on bail may continue, in the discretion of the court, after conviction of a felony until the final determination of any motion for a new trial, appeal, habeas corpus, or other proceedings" that challenges the defendant's conviction or sentence. The continued right to bail pending appeal after conviction for a misdemeanor provided by HRS § 804-4 clearly does not mean that the trial court is prohibited from changing the amount of bail or the bail conditions pending appeal after a conviction for a misdemeanor. Here, the Circuit Court did not deny Henley the right to bail pending appeal, but exercised its discretion in increasing the amount of his bail.

3

A defendant who is pending trial and is clothed with the presumption of innocence is in a different position than a defendant who has been adjudged guilty of a crime. A defendant who is pending sentencing is also in a different position than a defendant who has been sentenced to a term of incarceration. In addition, evidence adduced during the trial or sentencing may affect the trial court's evaluation of the appropriate bail amount and conditions for a defendant. We conclude that the Circuit Court did not abuse its discretion in raising Henley's bail from $200 to $2,000 (cash only) pending his appeal. See HRS § 804-9 (2014) ("The amount of bail rests in the discretion of the justice or judge . . . ."); HRS § 804-6 (2014) ("Unless otherwise ordered by the court the bail bond given by any defendant prior to the defendant's conviction, shall, in cases where bail after conviction is permitted either absolutely or by order of the court, be continued as the bail of the defendant after conviction, and until the final determination of any subsequent proceedings in the cause." (emphasis added)).

## C.

We reject Henley's contention that the Circuit Court abused its discretion in sentencing him to thirty days of incarceration. The sentencing court is vested "with wide discretion" in imposing sentence. State v. Rauch, 94 Hawai'i 315, 328, 13 P.3d 324, 337 (2000). "The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." State v. Cornelio, 84 Hawai'i 476, 483, 935 P.2d 1021, 1028 (1997) (block quote format and citation omitted).

The evidence showed that Henley assaulted Massey, a sixty-eight-year-old man, by head-butting Massey above the right eye and that Henley also threw punches at Massey. We conclude that the Circuit Court did not abuse its wide discretion by sentencing Henley to thirty days of incarceration.

III.

We affirm the Circuit Court's Judgment.

DATED:   Honolulu, Hawai'i, January 29, 2015.

On the briefs:


Shawn A. Luiz
for Defendant-Appellant


Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5